IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| DEBRA ELLEN COHEN §<br>  *Plaintiff*, §<br> §<br>v. §<br> §<br>UNIVERSITY OF TEXAS HEALTH §<br>SCIENCE CENTER, UNIVERSITY OF §<br>TEXAS HEALTH SCIENCE CENTER AT §<br>TYLER, and CENTER FOR CLINICAL §<br>RESEARCH, §<br>  *Defendants*. § | Civil Action No.: _____ |

## COHEN'S ORIGINAL COMPLAINT

Plaintiff Debra Ellen Cohen brings this action against her former employer(s), Defendants University of Texas Health Science Center, University of Texas Health Science Center at Tyler, and Center for Clinical Research (collectively hereinafter "the Center"). Cohen challenges the following decisions made by the Center – failing/refusing to accommodate Cohen's actual disability (rheumatoid arthritis, particularly in her hands and feet), demoting Cohen, discharging Cohen, and retaliating against Cohen. In support, Cohen shows the following:

**Nature of Case**

1. This is an employment case. Currently, it is brought exclusively pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §§12101 *et seq.*, including as amended by the ADA Amendments Act of 2008 (collectively hereinafter "ADA").[1]

2. Currently, Cohen brings five (5) such claims against the Center. They are:

---

[1] On September 25, 2008, President George W. Bush signed into law the Americans with Disabilities Act of 2008, Pub. L. No. 110-325, 112 Stat. 3553, 110th Cong., 2d Sess. (Sept. 25, 2008). This Act took effect on January 1, 2009.

    A.    Count One – ADA Discrimination (Actual Disability – Failure/Refusal to Accommodate);

    B.    Count Two – ADA Discrimination (Actual Disability – Demotion);

    C.    Count Three – ADA Discrimination (Actual Disability – Discharge);

    D.    Count Four – ADA Retaliation (Demotion); and

    E.    Count Five – ADA Retaliation (Discharge).

## Parties

3. Plaintiff Debra Ellen Cohen ("Cohen") is a citizen and resident of the State of Texas.

4. Defendant, the State of Texas, acting by and through the University of Texas Health Science Center, is a health-care facility owned and managed by the State of Texas. It can be served by and through its administrative head and president, **Dr. Kirk A. Calhoun**, at **11937 U.S. Hwy 271, Tyler, Texas 75708-3154**.

5. Defendant, the State of Texas, acting by and through the University of Texas Health Science Center at Tyler, is a health-care facility owned and managed by the State of Texas. It can be served by and through its administrative head and president, **Dr. Kirk A. Calhoun**, at **11937 U.S. Hwy 271, Tyler, Texas 75708-3154**.

6. Defendant, the State of Texas, acting by and through the Center for Clinical Research, is a health-care facility owned and managed by the State of Texas. It can be served by and through its administrative head and president, **Dr. Kirk A. Calhoun**, at **11937 U.S. Hwy 271, Tyler, Texas 75708-3154**.

7. Although superficially distinct, the Defendants referenced in paragraphs 4–6 constitute a "single integrated enterprise" in light of their interrelation of operations, centralized

control of labor relations, common management, and common ownership or financial control. Pleading in the alternative, these same Defendants constitute "joint employers" for purposes of the "hybrid economic realities/common law control test." Accordingly, these Defendants shall be referenced collectively as the "Center."

## Jurisdiction

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 ("Federal question") and 28 U.S.C. §1343(4) ("Civil rights, *etc.*").

9. This Court has *in personam* jurisdiction over the Center in this district and division because the Center operates a facility and conducts related business operations there.

## Venue

10. Venue is proper in this judicial district and division because a substantial part of the events forming the basis of Cohen's claims against the Center occurred there. 28 U.S.C. §1391(b)(1), (2).

## Material Facts

11. Each entity constituting the Center employs more than 15 employees.

12. During part of Year 2010, the Center employed Cohen.

13. In Year 2010, when she was employed at the Center, Cohen suffered from rheumatoid arthritis. This condition primarily affected her smaller joints, *e.g.,* her hands and feet, and it substantially limited a number of major life activities.

14. In May 2010, Cohen sought from the Center a reasonable accommodation – specifically, that the Center provide voice recognition software, to alleviate the need for her to type as much.

15. In May 2010, Cohen made this request for an accommodation to the Center by reaching out to Ms. Laurie Macleod

16. In May 2010, Cohen made this request for an accommodation to the Center by reaching out to Ms. Georgia P. Melton.

17. The Center failed to provide Cohen with the accommodation requested by Cohen.

18. Instead, the Center demoted Cohen.

19. The Center demoted Cohen effective early June 2010.

20. The Center discharged Cohen.

21. The Center discharged Cohen effective early August 2010.

22. Following her separation from the Center, Cohen filed charge of discrimination No. 450-2011-00405 ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC").

23. Cohen filed the Charge, a true and correct copy of which is attached hereto as Exhibit A, with the EEOC in October 2010.

24. On September 6, 2011, the EEOC prepared a document titled *Dismissal and Notice of Rights* ("right-to-sue letter").

25. A true and correct copy of the right-to-letter prepared by the EEOC is attached hereto as Exhibit B.

**Count One – ADA Discrimination (Actual Disability – Failure/Refusal to Accommodate)**

26. Cohen incorporates by reference the allegations contained in paragraphs 1 through 25 as if those allegations were set forth verbatim.

27. The Center violated the ADA by failing/refusing to accommodate Cohen's request for an accommodation – specifically, Cohen's request for voice recognition software – which she

made to the Center, by and through Ms. Macleod and Ms. Melton, in May 2010.

28.     Cohen has satisfied all conditions precedent to bringing this Count. For example, Cohen filed the Charge with the EEOC within 300 days from the date of the unlawful employment practice made the basis of this Count. *See* Ex. A. Further, Cohen files this action within 90 days of receiving the right-to-sue letter. *See* Ex. B.

29.     By reason of the Center's violation of the ADA, Cohen is entitled to an award of back pay and employment benefits, interest on back pay, front pay and future economic benefits, and other appropriate equitable relief pursuant to 42 U.S.C. § 2000e-5(g)(1).

30.     Cohen is further entitled to recover compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non pecuniary losses pursuant to 42 U.S.C. § 1981a(a)(1).

31.     Cohen is entitled to recover prejudgment interest on all equitable monetary remedies and compensatory damages.

32.     As the prevailing party, Cohen is entitled to an award of attorney fees pursuant to 42 U.S.C. § 2000e-5(k).  She also requests, pursuant to 42 U.S.C. § 2000e-5(k), reimbursement for expert fees as part of her costs.

**Count Two  – ADA Discrimination (Actual Disability – Demotion)**

33.     Cohen incorporates by reference the allegations contained in paragraphs 1 through 25 as if those allegations were set forth verbatim.

34.     The Center violated the ADA by demoting Cohen, who was actually disabled at the time, on/about June 1, 2010.

35.     Cohen has satisfied all conditions precedent to bringing this Count. For example,

Cohen filed the Charge with the EEOC within 300 days from the date of the unlawful employment practice made the basis of this Count. *See* Ex. A. Further, Cohen files this action within 90 days of receiving the right-to-sue letter. *See* Ex. B.

36. By reason of the Center's violation of the ADA, Cohen is entitled to an award of back pay and employment benefits, interest on back pay, front pay and future economic benefits, and other appropriate equitable relief pursuant to 42 U.S.C. § 2000e-5(g)(1).

37. Cohen is further entitled to recover compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non pecuniary losses pursuant to 42 U.S.C. § 1981a(a)(1).

38. Cohen is entitled to recover prejudgment interest on all equitable monetary remedies and compensatory damages.

39. As the prevailing party, Cohen is entitled to an award of attorney fees pursuant to 42 U.S.C. § 2000e-5(k). She also requests, pursuant to 42 U.S.C. § 2000e-5(k), reimbursement for expert fees as part of her costs.

**Count Three – ADA Discrimination (Actual Disability – Discharge)**

40. Cohen incorporates by reference the allegations contained in paragraphs 1 through 25 as if those allegations were set forth verbatim.

41. The Center violated the ADA discharging Cohen, who was actually disabled at the time, on/about August 3, 2010.

42. Cohen has satisfied all conditions precedent to bringing this Count. For example, Cohen filed the Charge with the EEOC within 300 days from the date of the unlawful employment practice made the basis of this Count. *See* Ex. A. Further, Cohen files this action within 90 days of

receiving the right-to-sue letter. *See* Ex. B.

43. By reason of the Center's violation of the ADA, Cohen is entitled to an award of back pay and employment benefits, interest on back pay, front pay and future economic benefits, and other appropriate equitable relief pursuant to 42 U.S.C. § 2000e-5(g)(1).

44. Cohen is further entitled to recover compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non pecuniary losses pursuant to 42 U.S.C. § 1981a(a)(1).

45. Cohen is entitled to recover prejudgment interest on all equitable monetary remedies and compensatory damages.

46. As the prevailing party, Cohen is entitled to an award of attorney fees pursuant to 42 U.S.C. § 2000e-5(k). She also requests, pursuant to 42 U.S.C. § 2000e-5(k), reimbursement for expert fees as part of her costs.

### Count Four – ADA Retaliation (Demotion)

47. Cohen incorporates by reference the allegations contained in paragraphs 1 through 25 as if those allegations were set forth verbatim.

48. The Center violated the ADA by retaliating against Cohen as follows:

   A. Cohen engaged in protected activity – specifically, she sought a reasonable accommodation for her rheumatoid arthritis in May 2010 when she requested voice recognition software. Cohen made this request to Ms. Macleod and to Ms. Melton.

   B. The Center subsequently took the following adverse employment action against Cohen – it demoted Cohen on/about June 1, 2010.

...

      C.      There is a causal link between subparts "A" and "B."

49. Cohen has satisfied all conditions precedent to bringing this Count. For example, Cohen filed the Charge with the EEOC within 300 days from the date of the unlawful employment practice made the basis of this Count. *See* Ex. A. Further, Cohen files this action within 90 days of receiving the right-to-sue letter. *See* Ex. B.

50. By reason of the Center violation of the ADA, Cohen is entitled to an award of back pay and employment benefits, interest on back pay, front pay and future economic benefits, and other appropriate equitable relief pursuant to 42 U.S.C. § 2000e-5(g)(1).

51. Cohen is further entitled to recover compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non pecuniary losses pursuant to 42 U.S.C. § 1981a(a)(1).

52. Cohen is entitled to recover prejudgment interest on all equitable monetary remedies and compensatory damages.

53. As the prevailing party, Cohen is entitled to an award of attorney fees pursuant to 42 U.S.C. § 2000e-5(k). She also requests, pursuant to 42 U.S.C. § 2000e-5(k), reimbursement for expert fees as part of her costs.

### Count Five – ADA Retaliation (Discharge)

54. Cohen incorporates by reference the allegations contained in paragraphs 1 through 25 as if those allegations were set forth verbatim.

55. The Center violated the ADA by retaliating against Cohen as follows:

      A.      Cohen engaged in protected activity – specifically, she sought a reasonable accommodation for her rheumatoid arthritis in May 2010 when she requested

    voice recognition software. Cohen made this request to Ms. Macleod and to Ms. Melton.

  B. The Center subsequently took the following adverse employment action against Cohen – it discharged Cohen on/about August 3, 2011.

  C. There is a causal link between sub parts "A" and "B."

56. Cohen has satisfied all conditions precedent to bringing this Count. For example, Cohen filed the Charge with the EEOC within 300 days from the date of the unlawful employment practice made the basis of this Count. *See* Ex. A. Further, Cohen files this action within 90 days of receiving the right-to-sue letter. *See* Ex. B.

57. By reason of the Center violation of the ADA, Cohen is entitled to an award of back pay and employment benefits, interest on back pay, front pay and future economic benefits, and other appropriate equitable relief pursuant to 42 U.S.C. § 2000e-5(g)(1).

58. Cohen is further entitled to recover compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non pecuniary losses pursuant to 42 U.S.C. § 1981a(a)(1).

59. Cohen is entitled to recover prejudgment interest on all equitable monetary remedies and compensatory damages.

60. As the prevailing party, Cohen is entitled to an award of attorney fees pursuant to 42 U.S.C. § 2000e-5(k). She also requests, pursuant to 42 U.S.C. § 2000e-5(k), reimbursement for expert fees as part of her costs.

## Jury Demand

61. Pursuant to FED. R. CIV. P. 38, Cohen demands a jury on all issues so triable.

## Request For Relief

WHEREFORE, Debra Ellen Cohen asks for the foregoing relief, and for all such other and further relief to which she is justly entitled.

Dated: December 5, 2011

                                                Respectfully submitted,

                                         /s/
By: _____
                                        **Wade A. Forsman**
                                        State Bar No. 07264257
                                        P.O. Box 918
                                        Sulphur Springs, TX 75483-0918
                                        Tel.: 903.689.4144
                                        Fax: 903.689.7001
                                        forsmanlaw@verizon.net

                                      **Attorney for Plaintiff Debra Ellen Cohen**